**Jonathan Corbett, Esq. (CA Bar No. 325608)**
958 N. Western Ave. #765
Hollywood, CA 90029
Phone: (310) 684-3870
FAX: (310) 675-7080
E-mail: jon@corbettrights.com
*Attorney for Michele Leuthauser*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

Michele Leuthauser
                        *Plaintiff*

v.

United States of America
                     *- and -*
Anita Serrano
                       *Defendants*

Case 20-CV-479 (JCM) (VCF)

**MOTION TO QUASH SUBPOENA**

I. **Introduction**

On October 12th, 2020, Plaintiff Michele Leuthauser replied to an interrogatory by Defendant United States of America asking for her employment history for the preceding 10 years, listing the names of her current and five former employers. On January 19th, 2021, the United States sent Plaintiff a "Notice of Issuance of Subpoenas," indicating that it directed subpoenas to all 6 of those employers, for, *inter alia*, "Employee's entire employment file.[1]"

Because Plaintiff's entire employment file for every job she has held for the last 10 years is obviously an overbroad discovery request, and because the government's attorney did not respond to Plaintiff's prompt objection sent one day after the notice, Plaintiff asks the Court to

---

[1] The subpoenas are not attached to this motion because they contain private information relating to Plaintiff. It is not expected that there will be a dispute as to the content of these subpoenas, but if the Court would like to review them, Plaintiff respectfully requests permission to file them under seal.

- 1 -

quash the subpoenas pursuant to Fed. R. Civ. P. 45(d)(3)(A), and issue further orders to protect Plaintiff's legitimate privacy interests under Rule 26(c) or otherwise.

## II.     Legal Standard

"Parties are entitled to discover non-privileged information that is relevant to a party's claim or defense and is proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Playstudios, Inc. v. Centerboard Advisors, Inc.*, Case No. 2:18-CV-1423, at *2 (D. Nev., May 6th, 2019). "Where … a party requests information that is not reasonably calculated to lead to the discovery of admissible evidence, the party opposing disclosure may move for a protective order under Rule 26(c)." *Monte H. Greenawalt Revocable Trust v. Brown*, 2:12-CV-1983, at *5 (D. Nev., Dec. 18th, 2013) (Ferenbach, J). Likewise, "courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering whether there is an undue burden" *Playstudios* at *3, <u>citing</u> *Bird v. PSC Holdings I, LLC*, 2013 WL 12108107, at *1 (S. D. Cal., Nov. 20th, 2013).

"A plaintiff has standing to seek to quash a subpoena issued to a third party where the plaintiff asserts a legitimate privacy interest in the documents sought." *Cannata v. Wyndham Worldwide Corporation*, 2:10-CV-68 at *4 (D. Nev., Mar. 31st, 2011). "Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance." *Id*., <u>citing</u> *Paananen v. Cellco Partnership*, 2009 WL 2057048 at *3 (W.D. Wash., July 14th, 2009); *Woods v. Fresnius Med. Care Group of N.A.*, 2008 WL 151836 (S.D. Ind., Jan. 16th, 2008); *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421 at *1 (D. Conn., Sep. 25th, 2007) ("The plaintiff clearly has a personal right with respect to the information contained in his employment records."). "Accordingly, while certain pre- and post-employment records may be highly relevant to issues such as mitigation and computation of damages … courts have quashed subpoenas to obtain a plaintiff's entire personnel

file without limitation to certain categories of information as facially overbroad and/or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*, *citing* *Lewin v. Nackard*, 2010 WL 4607402 at *1 (D. Ariz., Nov. 4th, 2010) ("defendant's request to obtain plaintiff's entire personnel file from five former employers is, on its face, overbroad and not reasonably calculated to lead to the discovery of admissible evidence"); *Maxwell v. Health Ctr. of Lake City*, 2006 WL 1627020 at *3 (M.D. Fla., June 6th, 2006) (finding "while some of the documents in Plaintiff's personnel files may reasonably lead to admissible evidence, the blanket requests for her entire personnel file are overly broad").

### III. Argument

Plaintiff understands that her complaint seeks damages relating to lost wages. Compl., ¶¶ 45 – 50. But it is obviously irrelevant how much money she made 10 years ago, just as it is the epitome of "overbroad" to request an entire personnel file in order to show damages.

To the extent that Defendant has some relevance in mind beyond computation of damages, they have not shared their thoughts with Plaintiff's counsel. In fact, they did not discuss the impending issuance of subpoenas with Plaintiff before notifying her of their issue and thus far refused to discuss this matter or at all negotiate in good faith with Plaintiff, even after being sent a clear and appropriate objection. Ex. 1, Decl. of Jonathan Corbett. At any rate, no such rationale is readily apparent, and upon belief, none beyond a prohibited "fishing expedition" exist[2].

The government here issued subpoenas for which on-point case law existed and clearly and unambiguously forbade. *Cannata; Lewin; Maxwell.* They failed to use typical courtesy to advise the other party of impending subpoenas before formal issuance, and they failed to respond to Plaintiff's objection and attempt to resolve in good faith. The government is not represented by

---

[2] In fact, "fishing expedition" is the most generous possible explanation Plaintiff can hypothesize. An equally reasonable explanation is the government seeks to penalize Plaintiff for, or discourage Plaintiff from continuing, her lawsuit. Having one's employer receive a subpoena is, to say the least, an uncomfortable experience for the employee, possibly one that will interfere with the employee-employer relationship. Plaintiff's complaint alleges that the government has already cost her one job; they need not make her current one – or her potential future job prospects with previous employers – more difficult.

inexperienced counsel, but by a "Section Chief" of the United States Attorney's Office.  *See* Mot. to Strike, D.E. #36, Ex. A-1, p. 3 (signature at bottom).  They should have known better, and done better, and for that reason the Court should order that further discovery antics will result in Rule 37(b) sanctions.

### IV. Conclusion

For the foregoing reasons, Plaintiff requests that the Court:

1. **Quash** the subpoenas issued by Defendant United States of America,
2. **Issue a protective order** requiring that: a) the defendants may seek at most 3 years of salary history and nothing further from Plaintiff's current or former employers without further order of the court, b) the defendants should promptly notify any party that has received one of the quashed subpoenas that they should disregard them, and c) the defendants must immediately destroy any responses received as a result of the quashed subpoenas, and,
3. **Order** that defendants make no further abuse of, or failure to participate in good faith in, discovery.

Dated: Las Vegas, NV
January 25th, 2021

Respectfully submitted,

_____/s/Jonathan Corbett_____
**Jonathan Corbett, Esq.**
(CA Bar #325608)
*Attorney for Michele Leuthauser*
958 N. Western Ave. #765
Hollywood, CA 90029
Phone: (310) 684-3870
FAX: (310) 675-7080
E-mail: jon@corbettrights.com