# EXHIBIT A

## USA's Answers to Interrogatories

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644

BRIANNA SMITH
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Brianna.Smith@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Michele Leuthauser,<br><br>          Plaintiff,<br><br>          v.<br><br>United States of America; and Unknown Transportation Security Administration Officer,<br><br>          Defendants. | Case No. 2:20-cv-00479-JCM-VCF<br><br>**United States of America's Responses to Plaintiff's First Set of Interrogatories** |

Pursuant to Fed. R. Civ. P. 33, the United States of America provides its answers and objections to Plaintiff's First Set of Interrogatories to Defendant United States of America as follows:

### Preliminary Statement

The information supplied in these Answers is the information currently available through due diligence, unless privileged, and Defendant therefore reserves the right to reasonably supplement or modify these responses should additional information become available.

### Definitions

A. "Nondiscoverable/Irrelevant" - The request in question concerns a matter that is not relevant to the subject matter at issue in this litigation.

B. "Unduly burdensome" - The request in question seeks discovery that is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C. "Vague" - The request in question contains a word or phrase that is not adequately defined, or the overall request is confusing, and Defendant is unable to reasonably ascertain what information Plaintiff seeks in the request.

D. "Overly broad" - The request seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter at issue in this litigation and, accordingly, seeks information that is nondiscoverable/irrelevant and/or is unduly burdensome.

E. "Disproportional" - The request in question seeks discovery that is not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' resources and access to the information, the importance of the discovery in resolving issues, and whether the burden or expense of the discovery outweighs its likely benefit.

## Interrogatories

**Request No. 1:** Identify the dates of employment and all titles held by all TSA employees who interacted with Plaintiff on the date of the incident described in the complaint.

**Answer:** Defendant objects to this interrogatory as it is overly broad as to "all TSA employees who interacted with Plaintiff on the date of the incident." Subject to this objection and based upon the reasonably available information, Nilda Briones joined TSA as a Transportation Security Officer (TSO) on May 13, 2007, at McAllen-Mission International Airport in Hidalgo, Texas. She was promoted to Lead Transportation Security Officer (LTSO) on April 11, 2010, and transferred to LAS as such on July 3, 2011, but requested a voluntary downgrade to TSO on Sept. 22, 2013. She was promoted to Supervisory Transportation Security Officer (STSO) on Nov. 12, 2017. Ms. Briones is currently an STSO at LAS.

Michelynn Jacobs joined TSA as a TSO at LAS on Jan. 7, 2018. She continues to hold this position.

Anita Serrano joined TSA as a TSO at LAS on December 12, 2016. She was promoted to LTSO in August 2018. She transferred to Portland International Airport in July 2019, accepting a voluntary downgrade to TSO in order to do so, and voluntarily separated from TSA on December 22, 2019.

Mellissia Griffin-Carter joined TSA as a TSO on Feb. 3, 2008. She continues to hold this position.

Discovery is ongoing and Defendant reserves the right to supplement this interrogatory if new information becomes available.

**Request No. 2:** If any of the employees identified in Interrogatory #1 are no longer employees of TSA, please indicate whether the employee resigned or was terminated, and if terminated, the circumstances that led to termination.

**Answer:** Please see Defendant's response to Interrogatory 1.

**Request No. 3:** Were any investigations or disciplinary proceedings initiated in relation to this incident or for any reason against the employees identified in Interrogatory #1, and if so, describe the circumstances and outcome.

**Answer:** Defendant objects to this interrogatory because it is vague as to "investigations or disciplinary proceedings," "incident" and "circumstances." The interrogatory is also overly broad as to "any investigations or disciplinary proceedings." The interrogatory also calls for irrelevant information and calls for a narrative. Subject to these objections, upon receipt of plaintiff's complaint, TSA investigated the matter and no disciplinary proceedings were instituted against the employees identified in Interrogatory 1. The Department of Homeland Security Office of Inspector General (OIG) received a citizen complaint from Alex Leuthauser and investigated the incident that gave rise to this lawsuit. As to the OIG investigation, TSA understands that the allegations made by Michele Leuthauser against Anita Serrano were found to be unsubstantiated. *See* Defendants' Privilege Log for OIG Report bates numbered US000204-379PRIV.

3

**Request No. 4:** Under the circumstances described in the complaint – a resolution pat-down due to a body scanner alert – is a traveler required by TSA policy to submit to a search in a private room?

**Answer:** Defendant objects to the premise of this interrogatory, namely that Plaintiff was subject to "a resolution pat-down due to a body scanner alert." Defendant also objects to this interrogatory as vague, because "TSA policy" is undefined, and as seeking Sensitive Security Information. Subject these objections, TSA's standard operating procedures for screening passengers do not require that pat downs occur in a private room. Please also refer to Defendant's Privilege Log for the subject procedure governing screening pat-downs at bates numbered documents US000069-203PRIV.

**Request No. 5:** Is a TSA screener permitted under any circumstance to digitally penetrate the bodies of travelers? (If so, explain the circumstances in which TSA screeners are so authorized).

**Answer:** Defendant objects to this interrogatory as vague as to "under any circumstance" and "digitally penetrate the bodies of travelers." Defendant further objects to the interrogatory as seeking Sensitive Security Information. Please define "digitally penetrate" so that a response can be made. Subject to these objections, please refer to the Privilege Log for the subject procedure governing screening pat-downs at bates numbered documents US000069-203PRIV.

**Request No. 6:** During her employment, was TSO Serrano trained as to the policy details described in Interrogatories #4 and #5?

**Answer:** Defendant objects to this interrogatory as vague as to the "policy details described in Interrogatories #4 and #5". Subject to this objection, Ms. Serrano was trained in TSA's passenger screening standard operating procedures.

**Request No. 7:** Please describe, in great detail, the facts and circumstances surrounding the allegation in Plaintiff's complaint of which Nilda Briones is familiar based on her personal first-hand observation.

4

**Answer:** Defendant objects to this interrogatory because it is overly broad as to "describe, in great detail," improperly calls for a narrative, and is more appropriate for a deposition. Subject to these objections, Defendant's understanding is as stated in STSO Briones' statement, produced at US000059-60 and US000351PRIV-US000353PRIV, which is identified on the Privilege Log.

**Request No. 8:** Please describe, in great detail, the facts and circumstances surrounding the allegation in Plaintiff's complaint of which Michelynn Jacobs is familiar based on her personal, first-hand observation.

**Answer:** Defendant objects to this interrogatory because it is overly broad as to "describe, in great detail," improperly calls for a narrative, and is more appropriate for a deposition. Subject to these objections, Defendant's understanding is as stated in STSO Jacobs' statement produced at US000061-63 and US000336PRIV-US000338PRIV, which is identified on the Privilege Log.

Dated this 12th day of January 2021.

NICHOLAS A. TRUTANICH
United States Attorney

 *s/ Brianna Smith*
BRIANNA SMITH
Assistant United States Attorney

# VERIFICATION

I, Carie Muirhead, in my capacity as former Transportation Security Administration Program Analyst—Customer Support Manager for the State of Nevada, declare as follows:

I am currently employed as the Customer Support Quality Improvement Manager for the State of Colorado with the Transportation Security Administration, an agency of the federal government. I have reviewed the foregoing **Answers to Plaintiff's First Set of Interrogatories**, in my official capacity. The foregoing responses are true to the best of my knowledge and the information available to me in my official capacity.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 11th day of January, 2021.

*Carie Muirhead*
Print Name: CARIE MUIRHEAD

6

## Certificate of Service

I, Angel Villalpando, Legal Assistant, certify that the following individual was served with the United States' Responses to Plaintiff's First Set of Interrogatories on this date by the below identified method of service:

*<u>U.S. Mail & Electronic Mail</u>*

Jonathan Corbett, Esq.
958 N. Western Ave., #765
Hollywood, CA 90029
jon@corbettrights.com

Kristina S. Holman, Esq.
3470 E. Russell Road, Ste. 202
Las Vegas, NV 89120
kholman@kristinaholman.com

*Attorneys for Plaintiff*

Dated this 12th day of January 2021.

                         /s/  Angel Villalpando
                         Angel Villalpando, Legal Assistant