UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHELE LEUTHAUSER,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:20-CV-479 JCM (VCF)<br><br>ORDER |

Presently before the court is the United States of America's ("the government") motion for summary judgment. (ECF No. 91). Plaintiff Michele Leuthauser ("Leuthauser") filed a response (ECF No. 94), to which the government replied (ECF No. 95).

Also before the court is defendant Anita Serrano's ("Serrano") motion for summary judgment. (ECF No. 93). Leuthauser filed a response (ECF No. 94), to which Serrano replied (ECF No. 96).

The present case stems from an incident that occurred at Las Vegas International Airport. (*See* ECF No. 4). Leuthauser alleges that Serrano, a Transportation Security Administration (TSA) employee, sexually assaulted her during an airport security screening. (*Id*. at 1).

In her complaint, Leuthauser alleged five claims for relief: (I) Unreasonable search under the Fourth Amendment against Serrano; (II) and (III) civil battery and intentional infliction of emotional distress against the government pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b); and (IV) and (V) civil battery and intentional infliction of emotional distress against Serrano under state law. (*Id.*).

Pursuant to 28 U.S.C. § 2679(d)(1), the United States substituted in for Serrano since the government certified that she was "acting within the scope of [her] office or employment at the

**James C. Mahan**
**U.S. District Judge**

time of the incident out of which the claim arose." (ECF No. 86). Thus, the state tort claims against Serrano (counts IV and V) transformed into federal tort claims against the government under the FTCA. (*Id.*).

This left the constitutional claim against Serrano (count I) since it was filed against her as an individual, not a federal employee. Since the court previously dismissed the Fourth Amendment claim (count I) against Serrano (ECF No. 97), Serrano's motion for summary judgment on the Fourth Amendment claim is moot.

The government now moves the court for summary judgment on the remaining tort claims (counts II through V) because it did not waive sovereign immunity under the FTCA.

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts." *Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citations omitted). Thus, the government's consent to be sued "is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA is a limited waiver of sovereign immunity, subject to several exceptions strictly construed in the government's favor. *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).

One of the exceptions, relevant here, is the law enforcement proviso, in which the FTCA waives sovereign immunity only for assault and battery claims, *inter alia*, when the conduct involves United States "investigative or law enforcement officers." 28 U.S.C. § 2680(h). The court has already held that non-law enforcement TSA screeners were not within the reach of the law enforcement proviso,[1] but early in this litigation, there was some question as to whether Serrano, a TSA *screening* employee, was a law enforcement or investigative officer for the purposes of the FTCA.[2] (ECF No. 17 at 6).

---

[1] Leuthauser continues to maintain that this interpretation is an inaccurate reading of the law, (ECF No. 94 at 4), but already filed a motion for reconsideration of this ruling, (ECF No. 19), which the court denied (ECF No. 28). She reserves the right to challenge this holding on appeal. (ECF No. 94 at 1).

[2] The court previously denied the government's motion to dismiss on this very issue. (ECF No. 17). The court held that determining whether the "defendant TSA agent" (Serrano) was a law enforcement officer or a TSA screener was a "fact intensive inquiry," which required further discovery. (*Id.* at 6).

1    Critically, Leuthauser now concedes after discovery that Serrano is in fact a non-law enforcement TSA screener. (ECF No. 94 at 4). Therefore, the court lacks subject matter jurisdiction over these claims (counts II through V) because the government has not waived sovereign immunity. Pursuant to Federal Rule of Civil Procedure 12(h)(3), the court must dismiss the action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion for summary judgment (ECF No. 91) be, and the same hereby is, GRANTED, with prejudice.

IT IS FURTHER ORDERED that Serrano's motion for summary judgment (ECF No. 93) be, and the same hereby is, DENIED, as moot.

The clerk is hereby instructed to close the case.

DATED March 9, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -