JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709

R. THOMAS COLONNA
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Richard.Colonna@usdoj.gov
*Attorneys for the United States*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| Michele Leuthauser,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>United States of America,<br><br>　　　　　Defendant. | Case No. 2:20-cv-00479-JCM-MDC<br><br>**United States' Response to Plaintiff's Motion for Leave to File Supplemental Brief Out-Of-Time** |

### Introduction

Defendant United States of America submits the following response in opposition to Plaintiff's Motion for Leave to File Supplemental Brief Out-of-Time (ECF No. 122). The procedural history is not contested by Plaintiff. In accordance with this Court's Order, Defendant filed its Supplemental Brief to United States' Motion for Summary Judgment (ECF No. 91) on February 1, 2024, and Plaintiff had fourteen days to respond, not to exceed ten pages, and failed to do so. (ECF No. 119) In her brief, Plaintiff fails to demonstrate either reasonable diligence or good cause as to why she failed to respond as per the Court's Order on December 22, 2023. Both the local rule and case law indicate that Plaintiff has failed to meet the standard for a Motion for Leave to File an Out-of-Time Supplemental Brief and, therefore, the Court should disregard it, ECF No. 122, filed on March 24, 2024.

## Points and Authorities

### A. Motion for Leave to File Out-of-Time Supplemental Brief Standard

"A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). Good cause usually exists if "there is a showing that the party seeking good cause was reasonably diligent." *Mallia v. Drybar Holdings, LLC*, No. 2-19-cv-00179-RFB-DJA, 2020 WL 1250817, at *4 (D. Nev. Mar. 16, 2020). *See FNBN-RESCON 1 LLC v. Ritter*, No. 2:11-cv-1867-JAD-VCF, at *25 (D. Nev. Mar. 12, 2014) ("Allowing a party to file supplemental arguments and evidence whenever they wish it would subvert the local rules that are in place to ensure timely responses.")

### B. Plaintiff did not meet the Motion for Leave Standard.

It is the United States' position that good cause does not exist to grant this motion for leave to file a supplemental brief that is out of time. While Exhibit A of Plaintiff's Motion for Leave to File is dated February 15, 2024, which is fourteen days after the United States' Supplemental Brief, there is simply no indication or evidence that said supplemental brief was created before or even on that date.

Plaintiff' Motion is brought over one month from her original deadline to file a response. In her Motion, Plaintiff does not dispute that she had notice of the United States' supplemental briefing. Respectfully, all Plaintiff avers is that the deadline was missed *"through technical error or otherwise"* but this is not evidence of reasonable diligence and does not meet the "good cause" standard. Instead, Plaintiff's delay and assertion of "technical error or otherwise" evinces a general lack of diligence. Plaintiff does not show how an unspecified, technical error delayed her response for over five weeks. Good cause has not been established to grant Plaintiff's motion and consider the new exhibit.

Further, this is not a situation where there has been a new development in the law following the close of a filing deadline. That is, "[g]ood cause may exist when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps. Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (citing *Hunt v.*

*Washoe Cnty. Sch. Dist.*, 2019 WL 426510, at *3 (D. Nev. Sept. 9, 2019)). Plaintiff's Exhibit A is merely a summary of a few points made in her initial response, ECF No. 94. Plaintiff has not provided any supplemental authority that controls the outcome of the litigation, or any such authority that is precedential, or persuasive and helpful. This is a simple case where Plaintiff had more than enough time to abide by and heed the Court's prior Order and failed to do so.

## Conclusion

For the above stated reasons, Plaintiff's Motion for Leave to File a Supplemental Brief Out-of-Time should be denied.

Respectfully submitted this 1st day of April 2024.

JASON FRIERSON
United States Attorney

 /s/ R. Thomas Colonna
R. THOMAS COLONNA
Assistant United States Attorney