UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHELE LEUTHAUSER, | Case No. 2:20-CV-479 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Michele Leuthauser's motion for leave to file her supplemental brief out-of-time. (ECF No. 122). Defendant United States filed a response opposing Leuthauser's motion. (ECF No. 123). For the reasons stated below, the court denies Leuthauser's motion.

**I.   Background**

This case involves allegations of assault committed by a Transportation Security Administration employee. (ECF No. 1). The court previously granted summary judgment in favor of the government and closed the case. (ECF No. 98). Leuthauser appealed, and the Ninth Circuit reversed this court's decision and remanded the case for further proceedings. (ECF No. 110). The court then vacated its summary judgment order and instructed the parties to file supplemental briefs. (ECF No. 113, 119).

The court ordered the government to file its supplemental brief by February 2, 2024. (ECF No. 119). The court gave Leuthauser 14 days to respond to the government's brief. (ECF No. 119). The government filed its brief on February 1, 2024. (ECF No. 121). Leuthauser filed

**James C. Mahan**
**U.S. District Judge**

her response on March 24, 2024—exactly fifty-three days after the government filed its brief. (ECF No. 122).

The government argues that Leuthauser has not shown good cause for the court to consider her late-filed brief. (*See generally* ECF No. 123).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), when an act must be done within a specific time, the court may, "for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is considered an "elastic" concept that examines factors such as the length of the delay, the reason for the delay, and whether the delay was within the "good faith" of the movant. *Briones v. Riviera Hotel & Casino*, 116 F.3D 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391, 395 (1993)). Whether to accept a late-filed brief is within the district court's sound discretion. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

## III. Discussion

Leuthauser asks this court to consider her supplemental brief even though it was filed past the court-ordered deadline. (ECF No. 122). Leuthauser informs the court that the deadline was missed due to "technical error or otherwise." (ECF No. 122, at 1). The government opposes Leuthauser's motion on the grounds that Leuthauser filed her brief late and failed to demonstrate either reasonable diligence or good cause. (ECF No. 123, 1-2). The government argues that mere technical errors, on a brief filed over a month late, is not "good cause." (ECF No. 123, at 2).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Merely claiming "technical error or otherwise," without more, is insufficient to satisfy excusable neglect. (ECF No 122, at 1). After considering the relevant factors, the court is satisfied that denial of Leuthauser's motion for leave to file her supplemental brief out-of-time is warranted in the interests of justice. The length of Leuthauser's delay was substantial, she did not provide adequate justification for her delay, and she did not provide evidence that the delay was in good faith. (*See generally* ECF No. 122). The court largely considers the fact that the brief was not just a couple of days late but was filed over a month past the deadline, and Leuthauser has not even attempted to adequately explain the delay. (ECF No. 122).

Rule 6(b)(1)(B) must be "liberally construed" to ensure that cases are decided on the merits instead of technicalities. *Ahanchian*, 624 F.3d at 1258–59. However, the content in Leuthauser's late-filed supplemental brief does not add to the merits of her case as it is a mere restatement of her original arguments in opposition to the government's motion for summary judgment. (*See generally* ECF No. 122; *see also* ECF No. 94). Because Leuthauser fails to show excusable neglect under Rule 6(b)(1)(B), her motion is denied, and the court will not consider her late-filed brief. (ECF No. 122-1).

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Michele Leuthauser's motion for leave to file her supplemental brief out-of-time (ECF No. 122) be, and the same hereby is, DENIED.

DATED June 24, 2024.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -