UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHELE LEUTHAUSER,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:20-CV-479 JCM (MDC)<br><br>ORDER |

Presently before the court is the government's renewed motion for summary judgment. (ECF No. 91). Having reviewed the parties' supplements and the evidence on the record, the court finds genuine issues of material fact preclude summary judgment on plaintiff's remaining claims.

**I.　　Background**

This case arises out of an alleged incident that occurred on March 5, 2019, at McCarran International Airport (now Harry Reid International Airport) in Las Vegas, Nevada. (ECF No. 4). Plaintiff Michele Leuthauser alleges that during a security screening, Transportation Security Administration ("TSA") employee conducted an unlawful and invasive body cavity search of her person. (*Id*.).

The court previously granted summary judgment in favor of the government based on sovereign immunity. (ECF No. 98). The Ninth Circuit reversed, finding that TSA officers qualify under the FTCA's law enforcement proviso, and remanded for further proceedings on the merits of plaintiff's FTCA claims for battery and intentional infliction of emotional distress. (ECF No. 110). The court now considers the substantive arguments raised in the government's renewed motion for summary judgment. (ECF No. 91).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

## III. Discussion

### a. Discretionary Function Exception

Under the discretionary function exception, the government retains sovereign immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function." 28 U.S.C. § 2680(a). This exception applies when (1) the challenged conduct involves an element of judgment or choice, and (2) the judgment is of the kind the discretionary function exception was designed to shield. *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 108 S. Ct. 1954, 100 L. Ed. 2d 531 (1988).

The discretionary function exception does not apply to egregious conduct that exceeds the bounds of permissible discretion. *Berkovitz*, 486 U.S. at 537 (the exception "insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment."). The determination of whether given conduct falls within the discretionary function exception must focus on the "nature of the conduct, rather than the status of the actor." *United States v. Gaubert*, 499 U.S. 315, 322 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 813 (1984)).

The court finds that TSA screening procedures are subject to policy-based discretion, but conduct involving alleged sexual assault and vaginal penetration during a security screening falls outside of permissible discretion. It remains undisputed that TSA screening policy prohibits body cavity searches. *See Leuthauser v. United States*, 71 F.4th 1189 (9th Cir. 2023); ECF No.

James C. Mahan
U.S. District Judge

- 2 -

1  91-7, Ex. C.  Plaintiff has produced sworn declarations and deposition testimony to support her
2  allegations.  *See* ECF No. 91, Ex. H.  Thus, the alleged conduct, if proven, cannot be shielded by
3  § 2680.  A material dispute as to the nature and extent of the conduct exists, and the court cannot
4  resolve the issue on summary judgment.

5        b.  <u>Defense of Privilege</u>

6      The government also asserts the defense of privilege pursuant to TSA's administrative
7  search authority.  However, privilege for government actors to conduct searches is limited to
8  conduct that is reasonable, proportionate, and within the scope of lawful authority.  *U.S. Const.*
9  *Amend.* IV.

10      "[A]irport screening searches ... are constitutionally reasonable administrative searches
11  because they are 'conducted as part of a general regulatory scheme in furtherance of an
12  administrative purpose…" *United States v. Aukai*, 497 F.3d 955, 960 (9th Cir.2007) (quoting
13  *United States v. Davis*, 482 F.2d 893, 908 (9th Cir.1973)); *accord United States v. Hartwell*, 436
14  F.3d 174, 179–81 (3d Cir.2006) (holding airport searches "permissible under the administrative
15  search doctrine because the State has an overwhelming interest in preserving air travel safety,
16  and the procedure is tailored to advance that interest while proving to be only minimally
17  invasive").  An airport security screening search is reasonable as long as it "is no more extensive
18  nor intensive than necessary, in the light of current technology, to detect the presence of weapons
19  or explosives" and it is "confined in good faith to that purpose." *Aukai*, 497 F.3d at 962.

20      Plaintiff alleges that the TSA officer "escalated a normal pat-down into a checkpoint
21  body cavity search by inserting her fingers inside [plaintiff's] vagina."  ECF No. 4 ¶ 4.  The
22  government denies the conduct.  ECF No. 18 ¶¶ 4, 32, 64.  The question of privilege is inherently
23  tied to the reasonableness of the search, and whether the search exceeded constitutional bounds
24  and involved impermissible intrusion is a disputed question of fact.  Accordingly, the privilege
25  defense cannot be resolved on summary judgment.

26        c.  <u>Intentional Infliction of Emotional Distress</u>

27      The government also challenges the sufficiency of plaintiff's IIED claim.  To prevail on
28  an IIED claim under Nevada law, plaintiff must show (1) extreme and outrageous conduct; (2)

**James C. Mahan**
**U.S. District Judge**

intent or reckless disregard; (3) causation; and (4) severe emotional distress. *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981).

Extreme and outrageous conduct is conduct that is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (1998). The more extreme or outrageous, the less appropriate it is to require evidence of physical injury or illness from the emotional distress. *See Nelson v. City of Las Vegas*, 99 Nev. 548, 555, 665 P.2d 1141, 1145 (1983).

The court finds several factual disputes preclude summary judgment. Plaintiff alleges conduct including digital penetration that, if proven, is likely sufficient to show extreme or outrageous conduct. Plaintiff claims she continues to suffer from symptoms inflicted by emotional distress that caused her to quit her job. The absence of expert medical testimony is not fatal to plaintiff's claim, but the court acknowledges that it creates material questions of fact.

As to disclosures of damages, the court agrees that plaintiff's failure to timely disclose a damages computation under FRCP 26(a)(1)(A)(iii) was improper. However, exclusion of damages is a harsh sanction that should be reserved for prejudice not curable by other means. Given the posture of the case, the court finds that any prejudice here may be addressed through pretrial remedies, including the opportunity for supplemental disclosures. Accordingly, the request to exclude damages is denied without prejudice.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion for summary judgment (ECF No. 91) be, and the same hereby is, DENIED. There remains triable issues of fact as to plaintiff's FTCA claims for battery and IIED.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1        IT IS FURTHER ORDERED that the parties will have sixty (60) days from the date of
2   this order to file a joint proposed pretrial order pursuant to LR 16-3(b) using the form provided
3   in LR 16-4.
4        DATED June 25, 2025.

_____
UNITED STATES DISTRICT JUDGE